IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-128-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SAMUEL COFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

On July 1, 2020, Samuel Cofield ("Cofield" or "defendant") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed a memorandum and records in support [D.E. 160, 162, 162-1, 162-2]. On September 30, 2020, the United States responded in opposition [D.E. 165]. As explained below, the court denies Cofield's motion.

I.

On March 25, 2008, pursuant to a written plea agreement, Cofield pleaded guilty to conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine. See [D.E. 36, 37]. On August 12, 2008, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 70, 92]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Cofield's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range to be 262 to 327 months' imprisonment. See [D.E. 70]; [D.E. 92] 5. After granting the government's motion for downward departure and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Cofield to 216 months' imprisonment. See [D.E. 70] 2; [D.E. 92] 12–15. That same day, Cofield appealed

[D.E. 71]. On July 1, 2010, the Fourth Circuit affirmed Cofield's conviction and sentence. See United States v. Cofield, 385 F. App'x 355, 356–57 (4th Cir. 2010) (per curiam) (unpublished) [D.E. 109]; [D.E. 110].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75%

2

of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 283–84. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., id. at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d

---

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

As for Cofield's request for compassionate relief, the court assumes without deciding that Cofield exhausted his administrative remedies under section 3582. See [D.E. 162] 3. Specifically, Cofield alleges that on July 23, 2020, the Warden received Cofield's compassionate release request, which the Warden denied on August 7, 2020. See id. at 2–3; [D.E. 162-4]. Moreover, the government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Cofield's claim on the merits.

Cofield seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Cofield cites the COVID-19 pandemic and his health conditions, including hypertension, hyperlipidemia, atrial fibrillation, cardiac arrhythmia, pre-diabetes, and a history of testicular cancer. See [D.E. 160]; [D.E. 162] 5; [D.E. 162-1]; cf. PSR ¶ 32 (noting history of testicular cancer). Cofield also cites his rehabilitation efforts and the length of his original sentence. See [D.E. 162] 6; [D.E. 162-2].

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Cofield has not demonstrated that he is not going to recover from his health conditions or that his conditions cannot be treated while Cofield serves his sentence. Accordingly, reducing Cofield's sentence is not consistent with

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic and Cofield's medical conditions are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Cofield's sentence. See United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Cofield is 47 years old and engaged in very serious criminal behavior from 2006 to 2007. See PSR ¶¶ 5–8. Cofield trafficked 24.89 kilograms of cocaine from Texas to North Carolina and recruited a driver to help transport narcotics. See id. Cofield is a career offender who has been a cocaine dealer for most of his adult life. See id. at ¶¶ 11–13, 15, 19, 20; [D.E. 92] 14. Moreover, Cofield is a recidivist whose criminal history includes possession with intent to sell/deliver cocaine (four counts), sale of cocaine (five counts), possession of a schedule II controlled substance with the intent to sell (two counts), possession of a schedule II controlled substance, attempted obstruction of justice, and maintaining a dwelling for cocaine. See PSR ¶¶ 10–20. Furthermore, Cofield has an extensive history of probation revocations and violations. See id.

The court also has considered Cofield's rehabilitation efforts, potential exposure to COVID-19, medical conditions, and lack of a release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and treat Cofield, the section 3553(a) factors, Cofield's arguments, the government's persuasive response, and the need to punish Cofield for his criminal behavior, to incapacitate

6

Cofield, to promote respect for the law, to deter others, and to protect society, the court declines to grant Cofield's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished).

As for Cofield's request for home confinement, Cofield apparently seeks relief under the CARES Act. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Cofield's request for home confinement.

II.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 160] and DISMISSES his request for home confinement.

SO ORDERED. This 15 day of January 2021.

JAMES C. DEVER III
United States District Judge

7

Case 7:07-cr-00128-D   Document 169   Filed 01/15/21   Page 7 of 7